IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL GRANT #22379 | § | |
| | § | |
| V. | § | A-08-CA-098-LY |
| | § | |
| CHIEF ART ACEVADO, | § | |
| OFFICER B. THOMPSON, | § | |
| OFFICER JOHNSON, and | § | |
| OFFICER CORREA | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Guadalupe County Adult Detention Center. Plaintiff alleges on September 25, 2007, he and a companion were standing and talking on the sidewalk on 13th Street. A police car allegedly passed nearby on Chicon. Plaintiff alleges he and his companion got into Plaintiff's car and drove off. After Plaintiff had driven a few blocks, he asserts a police car pulled them over. According to Plaintiff, Officer Thompson approached Plaintiff's door, opened the door, pulled Plaintiff out of the car and handcuffed him. Plaintiff asserts Officer Thompson did not read Plaintiff his Miranda rights

or ask Plaintiff for a driver's license or proof of insurance. Instead, Plaintiff explains he was placed in the patrol car without being told why he was being arrested.

Shortly thereafter, Plaintiff alleges Officer Correa arrived on the scene in order to secure Plaintiff's companion. According to Plaintiff, Officer Thompson told the companion he would not have to go to jail if he told the officer where the drugs were. The companion allegedly told the officer the drugs were hidden in the driver's side door panel. Plaintiff contends Officer Thompson, Officer Johnson and Officer Correa stuck their heads into the car and pretended to search and supposedly found crack cocaine and PCP.

Plaintiff asserts his companion was then allowed to get out of the backseat of Correa's car and walk away under the guise that he had escaped. According to Plaintiff, none of the three officers attempted to stop Plaintiff's companion. Plaintiff maintains the officers failed to report that the known felon with prior escape convictions with an outstanding felony warrant issued by the U.S. Marshal's Office had just escaped custody until he was safely away. Plaintiff argues their failure to report was in violation of Austin Police Department rules, regulations and policies.

Plaintiff requests the Court to make a finding that Officer Thompson's and Officer Johnson's acts, actions, and omissions amounted to harassment and racial profiling because Plaintiff is African-American. Plaintiff further requests the Court to find that all three officers conspired to deprive Plaintiff of his constitutional rights. Plaintiff also requests the Court to find that the officers' actions in allowing his companion to walk away violated Austin Police Department rules, regulations and policies and state and federal laws. Plaintiff seeks punitive damages in the amount of $250,000 from each of the defendants, exemplary damages in the amount of $250,000 from each of the defendants,

and actual damages in the amount of $250,000 from each of the defendants. Plaintiff also requests that criminal charges be brought against the officers.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement, specifying what each defendant did to violate his constitutional rights. Plaintiff asserts Chief Acevado allowed his officers to practice selective enforcement of laws based on consideration of race. He further asserts Chief Acevado allowed his officers to racially classify, target and harass young African-Americans.

With respect to Officer Thompson and Officer Johnson, Plaintiff alleges they racially profiled, targeted and harassed Plaintiff. He claims Officer Thompson used unequal enforcement of law based on race and made false statements in his report to cover up his harassment. He also claims Officer Thompson tampered with a videotape of the arrest. Plaintiff also asserts Officer Johnson failed to report Officer Thompson. Similarly, Plaintiff alleges Officer Correa failed to report Thompson when he violated an unspecified policy. Plaintiff admits the City of Austin Police Department has a policy prohibiting racial profiling.

## DISCUSSION AND ANALYSIS

A.   <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a pro se plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Racial Profiling

Plaintiff alleges he was subjected to racial profiling. Racial profiling can constitute a deprivation of a citizen's constitutional right to equal protection of the laws. U.S. CONST. amend. XIV; Whren v. United States, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996) (holding that claims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and that the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment); United States v. Avery, 137 F.3d 343, 352 (6th Cir. 1997) ("the Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures.").

The requirements for a claim of racial profiling draw on what the Supreme Court has called "ordinary equal protection standards." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003) (quoting United States v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487 (1996) (noting that requirements for selective prosecution claim draw on ordinary equal protection standards)). To establish a claim of racial profiling, the plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose.

Armstrong, 517 U.S. at 465, 116 S.Ct. at 1487. "The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision." Marshall, 345 F.3d at 1168.

Plaintiff's conclusory allegations fail to raise a claim for racial profiling. The Court must measure Plaintiff's allegations against the factual basis, agreed to and signed by Plaintiff at the time of his guilty plea in Cause No. 1:07-CR-213-SS. See Dkt. # 28.  The factual basis negates his assertions that the officers lied in the police report or that his arrest was based on race.  The factual basis specifically provides:

> On or about September 25, 2007 APD Officers Thompson and Jones were working the walking beat in the area of 12th Street and Chicon, an area well known for drug trafficking. The officers observed a group congregating around a certain car. When the officers would approach the area where the car was parked, all of the people around the car would walk away. The officers recognized a number of the subjects who would walk away from the car as known drug dealers. The officers watched as the driver of the car committed a traffic violation . . . as it was driven from the area.
>
> The officers conducted a traffic stop on a vehicle driven by the defendant, CARL DENNIS GRANT. Grant refused to pull over immediately. When he finally did pull over, officers found Grant behind the driver's wheel and JAMAL HERRING in the front passenger seat. The officers immediately smelled the odor of marijuana. Both men kept looking around as if searching for an escape route. Both men were detained. Grant gave a false name. Herring admitted to officers that Grant had drugs secreted in the drivers side door panel. As the officers searched the car, Herring slipped his hand cuffs and escaped from custody. The officers found over 50 grams of crack, 38 grams of cocaine and 143 grams of PCP contained in small, distributable vials.

The Court can take judicial notice of records in a criminal case in this district. In light of the above, Plaintiff cannot establish that the allegedly discriminatory purpose was a motivating factor in the officer's decision to stop his vehicle.

C.    Miranda

Plaintiff alleges Officer Thompson failed to advise him of his Miranda rights. Such a claim lacks an arguable basis in law. Violations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself and, as such, fail to raise a cause of action under § 1983. Chavez v. Martinez, 538 U.S. 760, 772, 123 S. Ct. 1994, 2004 (2003) (collecting cases).

D.    Criminal Charges

Plaintiff requests criminal charges be brought against the three officers. However, Plaintiff does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate

while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of April, 2008.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE